

**Admitted in New York
and New Jersey**

**LAW OFFICE OF Z. TAN PLLC**

**MANHATTAN:**
**110 E. 59TH STREET, SUITE 3200**
**NEW YORK, NEW YORK 10022**
**T: 212.593.6188  F: 888.306.8666**

**QUEENS:**
**39-07 PRINCE STREET, SUITE 3B**
**FLUSHING, NEW YORK 11354**
**T: 718.886.6676  F: 718.679.9122**
**info@ncny-law.com**

June 22, 2019

*Via ECF*

Honorable Alison J. Nathan, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re: Zhang v. Sabrina USA Inc. d/b/a Yumi Sushi et al (1:18-cv-12332-AJN)

Dear Honorable Judge Nathan:

      We represent all defendants in the above subject action. We write to this Court to seek guidance as to a very serious and troublesome matter in this action.

      Plaintiff was submitted to a deposition with limited scope on June 17, 2019 to ascertain his relationship with the defendant restaurant. However, Plaintiff's testimony is full of false statements and unreasonable discrepancies that an employee who worked at defendant restaurant for a month (as alleged in the complaint) would not have been mistaken. For example, Plaintiff conveniently does not remember where he was picked up by the shuttle bus to work or any of his co-worker's name, including the manager's and owner's, despite that Plaintiff admitted having taken the shuttle bus with no less than ten (10) co-workers every working day to and from work for a month (six days per week). Plaintiff further elaborates that during all the bus rides, he has not communicated with anyone and did not hear anyone communicating with each other. Of course, Plaintiff' deposition testimony consists of numerous such false and more ridiculous statements that we will reserve for future impeachment purpose.

      <u>Both the owner Ai Lan Chen and the restaurant's long-time manager (a third party), who were both present and heard Plaintiff's deposition testimony, are absolutely sure without a shred of doubt that Plaintiff has never worked at the restaurant</u>. We emailed Plaintiff's

counsel shortly after the deposition and urged them to dismiss this frivolous action by Wednesday, but we have not received any response from Plaintiff.

This is a serious matter. Not only has Plaintiff, with the assistance of his counsel, brought such a frivolous action, he doubled down by making a series of false statement under oath in the deposition. Defendants have already incurred substantial amount of legal expenses to defend such a frivolous action. It is indeed our wish to end this frivolous action as soon as possible. However, our discovery response is due on June 29, 2019. In light of this unusual and troublesome circumstances, we respectfully request a telephone conference at this Court's earliest convenience to discuss a potential stay of discovery until the parties and the court can ascertain the relationship between Plaintiff and the defendant restaurant. We are also open to ex-parte submission of deposition testimony, affidavit and other documentary evidences to demonstrate that Plaintiff has never worked at the defendant restaurant. Should Plaintiff consent, the defendants and the witnesses are also available for deposition.

I will be travelling in Asia between June 27 and July 12. Therefore, I will not be available on June 27 and July 12 for telephone conference. If an in-person conference is required I will be available on June 25, 26, and most of the dates after July 12. Thank you for your time and consideration.

Sincerely,

/s/ Eric Li
Eric Li