**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
YU ZHANG,
*Individually and on behalf of other similarly situated,*

                              Plaintiff,        Case No. 1:18-cv-12332

                v.

SABRINA USA INC.
    d/b/a Yumi Sushi;
QIN LAN INC.
    d/b/a Yumi Sushi,
AI LAN CHEN
                              Defendants.
------------------------------------------------------------------x

**PLAINTIFFS' REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR (1) CONDITIONAL CERTIFICATION PURSUANT TO THE FAIR LABOR STANDARDS ACT, (2) COURT-FACILITATED NOTICE TO SIMILARLY SITUATED PERSONS AND (3) DISCLOSURE OF CONTACT INFORMATION**

John Troy
TROY LAW, PLLC.
41-25 Kissena Blvd., Suite 119
Flushing, NY 11355
Tel: (718) 762-1324
johntroy@troypllc.com

# TABLE OF CONTENTS

**TABLE OF CONTENTS** ...................................................................................................................ii

**PRELIMINARY STATEMENT** ..................................................................................................... 1

**STATEMENT OF FACTS**............................................................................................................... 1

**ARGUMNENTS**................................................................................................................................ 2

    **A.    Plaintiff's Rule 216(B) Motion Is Made In Good Faith And Defense Counsel's Argument Is Baseless** ................................................................................................................ 2

    **B.    The Complaint Sufficiently Support Conditional Certification For Employees**...... 4

    **C.    Plaintiff's Motion For Conditional Collective Certification Should Be Granted For All The Similarly Situated Employees** ................................................................................... 5

    **D.    Equitable Tolling Should Be Granted** ........................................................................ 6

    **E.    Plaintiff's Notice of Pendency Is Appropriate**............................................................ 6

**CONCLUSION** ................................................................................................................................. 8

**Cases**

*Beckman v. United States Postal Service*, 79 F.Supp.2d 394, 407 (S.D.N.Y. 2000) ..................... 5
*Conley v. Gibson*, 355 U.S. 41, 47 (1957) ............................................................................... 5
*Cunningham v. Elec. Data Sys. Corp.*, 754 F. Supp. 2d 638, 644 (S.D.N.Y. 2010) ..................... 2
*Gengxiang Zhang v. Hiro Sushi at Ollie's Inc.*, 2019 WL 699179 (S.D.N.Y. Feb. 5, 2019) ......... 6
*Gordon v. Kaleida Health*, 2009 U.S. Dist. LEXIS 95729, at *23 (W.D.N.Y. Oct. 13, 2009)...... 3
*Lianhua Weng v. Kung Fu Little Steamed Buns Ramen Inc.*, 2018 WL 1737726 at 5 (S.D.N.Y March 26, 2018) ................................................................................................................ 7
Lin v. Everyday Beauty Amore Inc., 2018 WL 6492741 (December 10, 2018) ........................... 6
*Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 368 (S.D.N.Y. 2007) ................................ 2
Myers v. Hertz Corp., 624 F.3d 537, 554– 55 (2d Cir. 2010). ...................................................... 5
*Raniere v. Citigroup Inc.*, 827 F. Supp. 2d 320 (S.D.N.Y. 2011) ................................................ 2
*Salomon v. Adderley Indus.*, 847 F. Supp. 2d 561 at 3 (S.D.N.Y. 2012)...................................... 2
*Sexton v. Franklin First Financial, Ltd.*, 2009 U.S. Dist. LEXIS Case 50526............................. 2
Shajan v. Barolo, Ltd., No. 10 Civ. 1385, 2010 U.S. Dist. LEXIS 54581, 2010 WL 2218095(S.D.N.Y. June 2, 2010)................................................................................................ 2
*Shi Ming Chen v. Hunan Manor Enterpreise, Inc.*, 2018 WL 1166626 at 7 (S.D.N.Y. February 15, 2018). ............................................................................................................................. 7
Xuguang Chang v. CK Tours, Inc., 2019 WL 1873022 (S.D.N.Y. April 26, 2019) ..................... 6

**Rules**

Rule 216(b) ................................................................................................................................. 4

## PRELIMINARY STATEMENT

Plaintiff YU ZHANG, by and through his counsel, Troy Law, PLLC, respectfully submits this reply memorandum of law in support of Plaintiff's Motion for Conditional Collective Certification and Court-Authorized Notice.

Plaintiff's motion should be granted because Plaintiff has made the modest factual showing that there are other similar situated employees who worked substantially same or similar hours, who received flat monthly compensation regardless of hours worked, and were subjected to the common policy of Defendants that violated the FLSA.

## STATEMENT OF FACTS

Plaintiff YU ZHANG is a Chinese immigrant who has been constantly abused by his employers exploiting his fragile and unstable situation. He commenced this action on December 29, 2018 in the hope of recovering the wages owed to him.

From the outset of this action, Defendants have repeatedly mischaracterized the Plaintiff as a liar that he never worked for Defendants despite the several evidence to the contrary. On June 17, 2019, the parties had an early deposition of Plaintiff on the limited issue of whether he performed work at Defendants' restaurant. There, Plaintiff could recognize the Defendant AI LAN CHEN as his boss and the person who fired him. He gave specific details about his termination, including the time (around 22:00 at night, around the end of the working day) and place (by the cash register) it took place. *See* Docket Entry ("D.E.") [34-1], Zhang Deposition ("Zhang Depo") at 24:16-24, 25:6-13. Plaintiff likewise identified her as his boss when showed a picture of her provided by Defendants. In addition, Plaintiff could identify Manager Wan" who appeared briefly at Plaintiff's deposition before being excluded due to his non-party status. *Id.* 29:4-5

On May 29, 2019 Plaintiff sent a discovery request to Defendants in accordance with the Rules of Civil Procedure. But, it was not until July 26, when Defendants finally responded to Plaintiff's discovery request after a campaign of delay. In their response, Defendants objected to every single of the Plaintiff's discovery request providing no responses at all.

## ARGUMNENTS

### A. Plaintiff's Rule 216(B) Motion Is Made In Good Faith And Defense Counsel's Argument Is Baseless

Resolving the factual dispute between the parties regarding the employment of Plaintiff at Defendants' restaurants is not for this court to decide at this stage or at least under this motion. The second circuit court have repeatedly held that during the conditional certification phase of a collective action, "the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." *Cunningham v. Elec. Data Sys. Corp.*, 754 F. Supp. 2d 638, 644 (S.D.N.Y. 2010) (quoting *Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 368 (S.D.N.Y. 2007) (internal citations omitted)); See also *Salomon v. Adderley Indus.*, 847 F. Supp. 2d 561 at 3 (S.D.N.Y. 2012); *Raniere v. Citigroup Inc.*, 827 F. Supp. 2d 320 (S.D.N.Y. 2011); Shajan v. Barolo, Ltd., No. 10 Civ. 1385, 2010 U.S. Dist. LEXIS 54581, 2010 WL 2218095, at *1 (S.D.N.Y. June 2, 2010) ("Weighing of the merits is absolutely inappropriate.").

Nonetheless, Defendants' counsel spends almost two third of its opposition attacking Plaintiff's credibility and honesty. Defendants argue that the Court should disregard Plaintiff's testimony regarding the situation of other employees based on alleged inaccuracies in Plaintiff's affidavit. This would, however, be an impermissible credibility determination. See, e.g., *Sexton v. Franklin First Financial, Ltd.*, 2009 U.S. Dist. LEXIS Case 50526, at *19–20 (E.D.N.Y June 16, 2009) (defendants' merit-based argument is an attack on credibility of plaintiff "that is not

2

properly decided by the Court on this motion."). Defendants provide no authority to persuade the Court to deviate from this well-settled standard, and their credibility argument should be rejected. *See Gordon v. Kaleida Health*, 2009 U.S. Dist. LEXIS 95729, at *23 (W.D.N.Y. Oct. 13, 2009).

Defendants surmise that a bona fide employee would not have forgotten where the pickup point was for the van or how many tables were at the restaurant. None of Defendants' examples is a false statement, nor is it indicative of dishonesty. Plaintiff worked for the Defendants for about 1 month in 2016, three years ago. Him not remembering such a precise detail is merely evidence that time has passed and his memory is not perfect. So is his inability to remember his co-workers' or managers' names. In the first place, most workers in Chinese restaurants don't use each others' names. In the second place, again, Plaintiff worked for about 1 month 3 years ago.

In addition, Defendants are trying to twist the reality and accusing Plaintiff of lies which he never said. For instance, Plaintiff did not ever miraculously recalled his "exact" date of employment, but rather stated on his affidavit that he started working for Defendants "*on or about*" May 25, 2016 to June 2016 consistent with his previous statements. *See* D.E. [30-4] Zhang Affidavit ("Zhang Aff.") ¶¶4-5. Further, Contrary to Defendants' allegations, Plaintiff well remembered the looks of the uniforms and their color. Zhang Depo 13:17-24, 14:16-25, 15: 2-15. The mere fact that after 3 years he could not remember how an ordinary logo of a restaurant looked like is not an indicative of his lack of veracity.

Plaintiff only made two mistakes during his deposition testimony which were both about minor details and both prompted by the phrasing of the questions put to him. First, he described at length a so-called "changing room" where he would change into and out of his work uniform. In fact, he was describing the bathroom of the restaurant. He was confused by reference to a dedicated "changing room," when no such specialized room existed and the bathroom was used

3

for the purpose. Second, he described the front of the restaurant as having two doors, when in fact he remembers a glass door and an immobile glass pane beside it. *See* D.E [23-2]. In his affidavit, Plaintiff has also provided more detail as to the uniforms worn by the cooks, a topic which was broached during the deposition.

Defendant Ai Lan Chan was present throughout Plaintiff's deposition. Plaintiff identified her during the deposition by sight as his boss, and the person who fired him. He gave specific details about his termination, including the time (around 22:00 at night, around the end of the working day) and place (by the cash register) it took place. Zhang Depo 24:16-24, 25:6-13. Plaintiff likewise identified her as his boss when showed a picture of her provided by Defendants.

The manager of the restaurant was not present throughout Plaintiff's deposition. Rather, he was present very briefly, before the deposition began, and was excluded almost immediately because he was not a party. At the deposition, Plaintiff recognized the manager as the manager of the restaurant. *Id.* 29:4-5

These details, and additional details adduced at the deposition, establish that Plaintiff worked at Yumi Asian Bistro. Defendant's own self-serving statement that he never worked at her restaurant, and the statement of her long-time manager who is dependent on her for his job, should not be given any great weight, especially at this early stage of the litigation.

Finally, Plaintiff's other actions against his other employees who also treated him same as the Defendants are irrelevant to this action. As stated before, Plaintiff is a Chinese immigrant who has been constantly abused and misused by his employees in violation of FLSA and NYLL. None of those actions are dismissed and all are meritorious actions alleging wage and hour violations. Plaintiff should not be punished for his brevity for standing against the unjustness done to him throughout these years.

**B. The Complaint Sufficiently Support Conditional Certification For Employees**

Defendants next argument is also irrelevant to this motion. Defendant's argument is meritless because Defendants purportedly want Plaintiff to make out a motion for conditional certification on the Complaint. This is an unheard argument that Defendant is making. In doing so, the Defendants are citing to *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and *Beckman v. United States Postal Service*, 79 F.Supp.2d 394, 407 (S.D.N.Y. 2000). None of the cited cases are FLSA actions and have nothing to do with rule 216(b) collective action.

Accordingly, the Court should not consider Defendants' baseless argument.

**C. Plaintiff's Motion For Conditional Collective Certification Should Be Granted For All The Similarly Situated Employees**

The Court should grant Plaintiff's motion for conditional certification because Plaintiff has made a modest factual showing that there are other employees that are similarly situated as the named Plaintiff. In determining whether to certify a collective action under § 216 of the FLSA, Courts in the Second Circuit use a two-step procedure. *Myers v. Hertz Corp.*, 624 F.3d 537, 554–55 (2d Cir. 2010). It is well settled that, at the first "notice stage," the plaintiffs need only establish that other employees "may be similarly situated" to them. *Id.* at 555 (internal quotation marks omitted). Here, Plaintiff has made the modest factual showing that there are other employees that may be similarly situated as him. Therefore, the Court should grant Plaintiff's motion for conditional certification.

First, in Plaintiff's affidavit, he sufficiently identified other employees worked at the Defendants' restaurant that may be similarly situated as the Plaintiff. *For example*, Plaintiff identified 6 kitchen workers (2 Spanish and 4 Chinese workers) two waitress and three Hibach Chefs. Zhang Aff. ¶¶ 23-42 Second, Plaintiff sufficiently stated in his affidavit that people he identified as well as other employees, worked substantially similar hours, specifically, all employees except the manager and the Mexican Hibachi chef employed by the Defendants were

5

transported to and off from work by the same transportation van, and that they were not compensated for their overtime work. *Id* at. ¶¶ 18, 22.

Finally, courts in this Circuit and District regularly accept Plaintiff's affidavit in support of motion for conditional collective certification based on the form of affidavit submitted in this case. *See E.g. Gengxiang Zhang v. Hiro Sushi at Ollie's Inc*., 2019 WL 699179 (S.D.N.Y. Feb. 5, 2019); Xuguang Chang v. CK Tours, Inc., 2019 WL 1873022 (S.D.N.Y. April 26, 2019); Cheng Xia Wang v. Shun Lee Palace Restaurant, Inc., 2018 WL 3155835 (S.D.N.Y. June 28, 2018); Lin v. Everyday Beauty Amore Inc., 2018 WL 6492741 (December 10, 2018). Plaintiff's counsel's firm have moved for conditional collective certification in at least 50 similar wage and hour cases, in which the courts in all of those cases accepted affidavits similar to the one in this case. Accordingly, the Court should take consideration, and rely upon Plaintiff's affidavit.

### D. Equitable Tolling Should Be Granted

Equitable tolling is warranted in this case because the potential opt-in Plaintiffs or collective members was never given the opportunity to learn their rights. In Plaintiff's affidavit, he stated that they never received any hire notice, paystub notice, or any employment/labor law related notices throughout their employment with Defendants. Zhang Aff. ¶¶ 11-12.

It can be reasonably inferred that no employee knew about the legal standard as to his or her pay rate, or any legal rights they have as to their employment. If they did not know about their legal rights, there is no way they can enforce their rights. For these reasons, the Court should toll the statute of limitation to the date an opt-in collective members finds out about their legal rights or the date they receive the Court authorized notice of pendency.

### E. Plaintiff's Notice of Pendency Is Appropriate

The proposed notice is appropriate. First, the alternative contact numbers are necessary in case the mailing of notice of pendency is undeliverable for any reason. The employment information is to better determine whether the person is an appropriate person to receive the notice, thus they are all relevant to the mailing of notice of pendency. Furthermore, these information are not burdensome to Defendants, as the Defendants are required by law to keep these information, and have them readily available. In addition, Courts in this Circuit have consistently granted the requested information. *See Lianhua Weng v. Kung Fu Little Steamed Buns Ramen Inc.*, 2018 WL 1737726 at 5 (S.D.N.Y March 26, 2018); *see also Shi Ming Chen v. Hunan Manor Enterpreise, Inc.*, 2018 WL 1166626 at 7 (S.D.N.Y. February 15, 2018). One of which was argued by the same defense counsel in this case. The Defense counsel has engaged in numerous motion practices with respect to conditional certification, and well knew that the sought information is reasonable and standard, yet still made the argument that it is irrelevant.

Second, Plaintiffs believe 15 days to furnish the requested information sought is reasonable. Defendants, required by law, should already have the requested information, therefore it should not take Defendants a long time to gather those information.

Third, the 90 days opt-in period is reasonable and standard in this Circuit. *See Kung Fu*, 2018 WL 1737726*; see also Hunan Manor*, 2018 WL 1166626. The 90 days opt-in period gives potential collective members enough time to think about the case and make a sound decision. Therefore, the 90 days opt-in period is reasonable, and should be granted.

Fourth, Plaintiffs will abide by the Court's ruling on this issue.

Finally, if more than 20% of the notices are undeliverable, then Plaintiffs should entitled to publish an abbreviated version of the notice in English, Chinese, and Spanish. Defendants employees are diverse, only publish in English is not sufficient to give potential collective

7

members sufficient notice. Furthermore, if the Defendants cannot produce sufficient name list and contact information, then Plaintiffs should entitle to publish the notice at Defendants' cost, but under the supervision of Plaintiffs.

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests an order granting Plaintiff's requested relief in its entirety, and for such other and further relief deemed just and proper.

*Dated: Flushing, New York*
*August 2, 2019*

    *Respectfully submitted,*
    *TROY LAW, PLLC.*
    *By: /s/ John Troy*