```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
YU ZHANG,                                                   :
On behalf of himself and on behalf of others                :
similarly situated,                                         :   18-CV-12332 (AJN) (OTW)
                                                            :
                           Plaintiff,                       :   **OPINION & ORDER**
                                                            :
             -against-                                      :
                                                            :
SABRINA USA INC d/b/a YUMI SUSHI, et al.,                   :
                                                            :
                           Defendants.                      :
------------------------------------------------------------x
```

**ONA T. WANG, United States Magistrate Judge:**

This is not a typical Fair Labor Standards Act ("FLSA") conditional certification motion. Courts apply a low standard to what evidence is sufficient to warrant conditional certification, mindful of the admonition to not make factual or credibility determinations at this initial stage. *See Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651, 661 (S.D.N.Y. 2013) (noting only a "modest factual showing" is required). While defendants often try to attack the accuracy of a plaintiff's FLSA claims at the initial stage, it is a rare instance where, as here, there is serious doubt as to whether the plaintiff *ever* worked at the defendants' place of business. From the start of this suit, however, Defendants have adamantly maintained that Plaintiff Yu Zhang ("Plaintiff") never worked at their restaurant. (*See* ECF 13 at 8; ECF 21 at 1). Adding to the suspicion, Plaintiff has repeatedly altered his testimony concerning his employment by conveniently remembering new facts after his previous inaccuracies or omissions are pointed out. (*See, e.g.*, ECF 23-2).

Plaintiff brought this action against Defendants Sabrina USA Inc., Qin Lan Inc., and Ai Lan Chen (collectively "Defendants") for violations of the FLSA and New York Labor Law ("NYLL"),

alleging, *inter alia*, unpaid wages and overtime compensation. Before the Court now is Plaintiff's motion for conditional collective certification pursuant to 29 U.S.C. §216(b). (ECF 29). For the following reasons, Plaintiff's motion is **DENIED** in its entirety.

I. **Background**

　　A. **Facts Leading to the Suit**

Plaintiff allegedly worked as a busboy at Defendants' restaurant,[1] located at 802 Pelham Parkway, Pelham, NY 10803, from May 25, 2016 to June 25, 2016. Complaint ("Compl.") (ECF 1) ¶¶ 26, 30. For that month of employment, Plaintiff allegedly worked for eleven hours per day for four days a week, and twelve hours per day for two days of the week, for a total of 68 hours per week. Compl. ¶ 32. Plaintiff alleges that he never received tips and never received overtime compensation, but instead received a daily flat wage of $25. Compl. ¶¶ 31, 35. Plaintiff further alleges that he never received the proper wage statements in Chinese, his native language, and was never told that tips were being credited toward his wages. Compl. ¶¶ 36-37. Plaintiff filed this action on December 31, 2018. (ECF 1).

　　B. **Procedural History**

On June 22, 2019, Defendants requested a conference with Judge Nathan, citing errors in Plaintiff's deposition testimony on June 17, 2019 that suggested he never worked at Defendants' restaurant. (ECF 21). Defendants also pointed out that Plaintiff was unable to name any of his co-workers. *See* Zhang Dep. Tr. at 28:2-3, 28:13-16, 29:6-8. Defendant Chen, the

---

[1] Although Plaintiff alleged that the restaurant is called "Yumi Sushi," Defendants claimed that the restaurant's name is "Yumi Asian Bistro." (Compare Compl. ¶ 22 and ECF 31 [Motion for Conditional Certification] at 5 with ECF 34-2 [website printout]). Plaintiff later admitted that the restaurant never served sushi. *See* Zhang Dep. Tr. (ECF 34-1) at 48:16-20.

restaurant's owner, and Alex Wong, the restaurant's manager, both attended Plaintiff's deposition and upon seeing Plaintiff, asserted that Plaintiff never worked at the restaurant. *Id*. In opposition to the letter, Plaintiff submitted an affidavit, dated June 26, 2019, in which he attempted to correct the purported mistakes made at his deposition. (ECF 23-2).

On July 12, 2019, Plaintiff moved for conditional certification as a collective action under the FLSA. (ECF 29). In support of his motion for conditional certification, Plaintiff submitted another signed affidavit, also dated June 26, 2019, repeating the factual allegations in the complaint and attempting to show that his co-workers were victims of the same underpayment. (ECF 30-4). Plaintiff testified in his affidavit that "through chatting and nodding," he learned that other employees were also not paid overtime compensation. (*Id*. ¶¶ 26, 32, 38). In opposition, Defendants submitted a declaration from Rong Zheng,[2] an employee at Defendants' restaurant, wherein it states that although Zheng has worked at the restaurant since its opening, Zheng has never seen Plaintiff before. Declaration of Rong Zheng Zheng ("Zheng Decl.") (ECF 35 ) ¶¶ 2-5. Zheng submitted that the restaurant never employed a busboy, other than a "Spanish speaking friend" who helped on holidays. Zheng Decl. ¶ 6. According to Zheng, Plaintiff's affidavit also contained numerous factual inaccuracies about the restaurant.[3] Zheng Decl. ¶¶ 4, 10-14.

---

[2] Defendants also submitted declarations from Alex Wong, the restaurant's manager, and Lily Yap, a waitress at the restaurant. (ECF 38; ECF 39). Those declarations were untimely filed, approximately two weeks after Plaintiff filed his reply brief. Because Plaintiff objects to the declarations' untimely filing, and the Court does not find those declarations necessary to determination of the instant motion, the Court will not consider those two declarations.

[3] Some of the alleged inaccuracies include the location where workers were picked up in the morning by their shuttle bus, whether the restaurant had a changing room, and the number of doors at the front of the restaurant. (ECF 21; ECF 23-2).

Concerned about potential perjury, the Court held an evidentiary hearing on September 24, 2019. At the hearing, the Court heard testimony from Plaintiff and Defendant Chen. In addition to being questioned as to his recall on various features of the restaurant, Plaintiff added that based on a conversation with one of the stir-fry cooks, he learned that Defendants' stir-fry cooks were paid $3,200 per month and oil fryer cooks were paid $2,500 per month. Sept. 24, 2019 Tr. (ECF 46) at 21:8-25. He admitted, however, that he did not know how much the wait staff or hibachi chefs were paid. *Id*. at 22:10-15. Defendant Chen, the restaurant's owner, in turn, repeated under oath her contention that Plaintiff never worked at her restaurant and that the restaurant never had a full-time busboy. *Id*. at 46:9-20. At the close of the hearing, Plaintiff's counsel argued that Plaintiff's affidavits contained no contradictions and that Plaintiff's "proffer" that there were employees similarly situated to him was sufficient to grant conditional certification. *Id*. at 61:9-14. In opposition, Defendants pointed to the many alleged inconsistencies and inaccuracies in Plaintiff's testimony throughout this litigation. *Id*. at 61:18-20.

II. **Motion for Conditional Certification**

   A. **Legal Standard**

The FLSA allows an employee to bring an action against an employer on behalf of themselves and other employees similarly situated. *See* 29 U.S.C. § 216(b). Where a plaintiff seeks to bring a claim on behalf of similarly situated employees, courts have discretion to implement section 216(b) "'by facilitating notice to potential plaintiffs' of the pendency of the action and of their opportunity to opt-in as represented plaintiffs." *Myers v. Hertz Corp*., 624 F.3d 537, 554 (2d Cir. 2010). Collective certification under the FLSA involves two steps:

4

(1) determining whether there exist individuals similarly situated to the named plaintiff who have also been the victim of FLSA violations such that notice of the suit should be circulated, and (2) after providing notice to potential class members, determining whether any new plaintiffs who opted-in to the suit are in fact "similarly situated" to the named plaintiff. *See id*. at 555.

At the first stage of collective certification, the Court requires only a "modest factual showing that [the named plaintiffs] and others together were victims of a common policy or plan that violated the law." *See Glatt v. Fox Searchlight Pictures, Inc*., 811 F.3d 528, 540 (2d Cir. 2016). "[T]he court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." *McGlone v. Contract Callers, Inc*., 867 F. Supp. 2d 438, 442 (S.D.N.Y. 2012) (quoting *Cunningham v. Elec. Data Sys. Corp*., 754 F. Supp. 2d 638, 644 (S.D.N.Y. 2010)). Instead, the Court just looks to the pleadings and submitted affidavits to determine whether there are other potential class members who are similarly situated to the named plaintiff(s). *See Yap v. Mooncake Foods, Inc*., 146 F. Supp. 3d 552, 560 (S.D.N.Y. 2015). Although this is a fairly low evidentiary standard, the plaintiff cannot merely rely on "unsupported assertions." *See Myers*, 624 F.3d at 555.

    B.    <u>**Analysis**</u>

        1.    <u>**Reliability of Plaintiff's Testimony**</u>

At the conditional certification stage, Plaintiff must provide a factual showing other than the complaint's allegations, typically through affidavits. See *Prizmic v. Armour, Inc*., No. 05-CV-2503 (DLI) (MDG), 2006 WL 1662614, at *2 (E.D.N.Y. June 12, 2006). A plaintiff may not rely on mere "conclusory allegations" that there exist other similarly-situated employees. *See Morales*

5

*v. Plantworks, Inc.*, No. 05-CV-2349 (DC), 2006 WL 278154, at *3 (S.D.N.Y. Feb. 2, 2006) (finding insufficient "conclusory allegation" in complaint that other employees were not paid minimum wage or overtime pay). Otherwise, "an employer may be 'unduly burdened by a frivolous fishing expedition conducted by plaintiff at the employer's expense.'" *Prizmic,* 2006 WL 1662614, at *2 (quoting *D'Anna v. M/A-COM, Inc.*, 903 F. Supp. 889, 894 (D. Md. 1995)).

Likewise, certifying suits by plaintiffs who produce serious doubts whether they ever worked at the defendants' place of business would encourage the proliferation of frivolous lawsuits, knowing that employers would be pressured to settle or that conditional certification would produce legitimate opt-in plaintiffs to then substitute as the named plaintiff. Without having worked at the defendants' business, any plaintiff declaration would also not be based on personal knowledge, rendering the affidavit useless for conditional certification. *See McGlone*, 867 F. Supp. 2d at 444. Therefore, despite the modest evidentiary standard, courts must still enforce a baseline.[4] This case crosses that line.

---

[4] Although seeking sanctions under Rule 11 is often the mechanism to prevent frivolous lawsuits, FLSA cases against non-native-English-speaking defendants, such as is the case here, often end with a settlement or the defendant defaulting. As just one example, Troy Law filed three other FLSA suits on behalf of this Plaintiff on the same day he initiated this suit, December 29, 2018. In one case, *Zhang v. Hito Restaurant, Inc.*, No. 18-CV-12331 (KPF), ECF No. 32 (S.D.N.Y. Oct. 28, 2019), Plaintiff was granted a default judgment. In another, *Zhang v. WM Restaurant Corp.*, No. 18-CV-12333 (SDA), ECF No. 34 (S.D.N.Y. Aug. 5, 2019), the parties reached a settlement before conditional certification. In the third, *Zhang v. Aria Asian Corp.*, No. 18-CV-12330 (VB), ECF No. 46 (S.D.N.Y. Sept. 11, 2019), the motion for conditional certification was denied without prejudice, with the case ultimately dismissed with prejudice for failure to prosecute. Indeed, a more comprehensive review of cases brought by Troy Law reveals that many of them end in either settlement or a default judgment, meaning that complaints and submitted affidavits often go unchallenged.

### a. **Factual Inconsistencies**

The Court recognizes that many of Defendants' raised inconsistencies in Plaintiff's testimony and affidavits regarding facts of the restaurant could be attributed to a faulty memory or inability to precisely recall details from three years prior.[5] *See Alexander v. Caraustar Indus., Inc.*, 930 F. Supp. 2d 947, 959 (N.D. Ill. 2013) (noting that perjury is different from minor discrepancies due to imprecise memory or confusion). The Court is concerned, however, about the discrepancies regarding key facts that would be difficult to classify as a mere mistake.[6] For example, major discrepancies include:

- Plaintiff claims he worked at Defendants' restaurant. Defendants claim Plaintiff never worked at their restaurant.

- In his complaint and motion for conditional certification, Plaintiff claims that Defendants' restaurant was named "Yumi Sushi," served sushi, and employed

---

[5] Additional examples: Plaintiff alleged in the complaint, Compl. ¶ 31, and in one of his affidavits, ECF 23-2 ¶ 25, that he "did not share in the tips," but at the evidentiary hearing, Sept. 24, 2019 Tr. at 23:2-3, and in another of his affidavits, ECF 30-4 ¶ 52, Plaintiff alleged that he received a share of the "tip pool" with the other employees. Plaintiff also repeatedly changed his mind on what other employees worked at the restaurant. Compare Compl. ¶ 27 (alleging restaurant employed "at least" 8 kitchen workers, 3 sushi chefs, 2 [hibachi] chefs, 3 miscellaneous workers, 5 waiters, one receptionist, one packer, and one deliveryman) with ECF 23-2 (affidavit revising claim to the restaurant employing 5 kitchen workers, 2 hibachi chefs, 2-3 waitresses, one dish washer, and one manager) and ECF 30-4 (affidavit again revising claim to the restaurant employing 6 kitchen workers, 3 hibachi chefs, 2 waitresses, and one manager).

[6] The Court also notes that this is not the first time Plaintiff's counsel has submitted conflicting sworn testimony. *See, e.g., Gao v. A Canaan Sushi Inc.*, No. 18-CV-6442 (GBD) (OTW), ECF 29 (S.D.N.Y. July 18, 2019) (noting two affidavits by the same affiant that directly contradict each other); *Jianjun Chen v. 2425 Broadway Chao Restaurant, LLC*, 331 F.R.D. 568, 573-74 (S.D.N.Y. 2019) (sanctioning Mr. Troy because the plaintiffs' deposition testimony contradicted earlier certified discovery responses); *Jianman Jin v. Shanghai Original, Inc.*, No. 16-CV-5633 (ARR) (JO), 2018 WL 1597389, at *15 (E.D.N.Y. Apr. 2, 2018) (finding "concerning" discrepancy between the plaintiff's sworn affidavit and subsequent deposition testimony).

- sushi chefs. Defendants claim their restaurant never served sushi or had "sushi" in its name.[7]

- Plaintiff claims he worked as a full-time busboy. Defendants claim they have never employed a busboy other than a "Spanish speaking" busboy they temporarily employed during the holidays.

Plaintiff's pattern of revising his factual allegations after Defendants point out the inaccuracies also raises questions as to the reliability of Plaintiff's affidavits. In response to Defendants' citing factual inaccuracies in Plaintiff's deposition testimony, Plaintiff subsequently submitted an affidavit correcting various facts. (ECF 23-2). Similarly, after Rong Zheng stated in his affidavit that the employee van pick-up location was outside the QQ bakery, ECF 35 ¶ 10, Plaintiff testified at the hearing that he knew the van pick-up location was outside the QQ bakery, despite previously testifying at his deposition that he could not remember the location. Sept. 24, 2019 Tr. at 42:5-14. Plaintiff explained that he now "remember[ed]" the location because he frequently visits that bakery and one day after the deposition, he saw Defendants' van "pass by," but not stop at, the bakery, triggering his memory. *Id*. at 42:21-43:2. Plaintiff failed to explain how he recognized Defendants' van, considering that he had previously testified that the vehicle was a non-descript white van. *See* Zhang Dep. Tr. at 38:17-24.[8]

---

[7] Plaintiff's counsel tellingly referred to the restaurant throughout the hearing as "Yumi Sabrina" rather than "Yumi Sushi." *See, e.g.*, Sept. 24, 2019. Tr. at 6:1, 7:19, 17:9-10, 60:17. At his deposition, which occurred *before* Plaintiff's motion for conditional certification was filed, Plaintiff acknowledged that the restaurant did not have sushi chefs and did not serve sushi. *See* Zhang Dep. Tr. at 48:16-20.

[8] Plaintiff also testified at the hearing that he saw the license plate of the van as it "pass[ed] by" the restaurant. Sept. 24, 2019 Tr. at 42:18-20. While it is possible the van could be identified by its license plate number, it is a

The lack of corroborating evidence that Plaintiff ever worked at Defendants' restaurant distinguishes this from other cases where the court declined to make a credibility determination as to a plaintiff's disputed testimony. *See, e.g., Qian Xiong Lin v. DJ's Int'l Buffet Inc.*, No. 17-CV-4994 (JS) (AYS), 2019 WL 584798, at *5 (E.D.N.Y. Nov. 7, 2019) (granting certification where plaintiff's affidavit allegedly contained false statements but was corroborated by co-plaintiff's affidavit); *Islam v. LX Ave. Bagels, Inc.*, No. 18-CV-4895 (RA) (RWL), 2019 WL 5198667 at *1 n.3, 7 (S.D.N.Y. Sept. 30, 2019) (granting certification where defendants disputed whether they were the employer under the FLSA but did not dispute that plaintiff worked at the restaurant); *Placinta v. Grazina Pilka, Inc.*, No. 16-CV-4272 (KAM) (SJB), 2018 WL 5024170, at *7 (E.D.N.Y. Oct. 5, 2018) (granting certification where defendants disputed plaintiff's claim of full-time employment but conceded he was a seasonal employee); *Gonzalez v. Scalinatella, Inc.*, No. 13-CV-3629 (PKC), 2013 WL 61761311, at *3 (S.D.N.Y. Nov. 25, 2013) (granting certification where the defendant claimed plaintiff's declaration was false but did not dispute that plaintiff worked for them). Here, there are no other affidavits supporting Plaintiff's claims of FLSA violations or even Plaintiff's claim that he worked at the restaurant. Plaintiff also did not persuade the Court at the evidentiary hearing that he had any confidence in his answers regarding the restaurant.

---

stretch of the imagination to believe that Plaintiff still memorized the van's license plate number three years later but could not remember more significant details, such as *any* of his coworkers' names or where the van pick-up location was. *See id*. at 40:25-41:1 ("Since it's been three years, more than three years, a lot of things, I don't remember any detail."). Although Plaintiff did remember the restaurant's address at his deposition, he was looking at his phone while answering the question. *See* Zhang Dep. Tr. at 8:5-9:3.

9

### b. Multiple Affidavits

Other evidence in the record further raises questions whether Plaintiff submitted his affidavits in bad faith. Plaintiff submitted two signed affidavits, both dated June 26, 2019, which appear to contain identical signature pages, even to the point of containing the same inadvertent pen mark above Plaintiff's signature.[9] Compare ECF 23-2 with ECF 30-4. One of the affidavits, filed on June 28, 2019, attempted to correct Plaintiff's deposition testimony after Defendants identified numerous factual inaccuracies. (ECF 23-2). The other affidavit, filed on July 12, 2019, was submitted in support of Plaintiff's motion for conditional certification and alleges facts attempting to show that Defendants' other employees were similarly situated to Plaintiff in not receiving overtime pay. (ECF 30-4). At the hearing, Plaintiff testified that he signed both signature pages separately on the same day, and that the purpose of the deposition correction affidavit, ECF 23-2, was to correct inaccuracies made in the later-filed conditional certification affidavit, ECF 30-4. *See* Sept. 24, 2019 Tr. at 35:2-36:2.

As an initial matter, it is unclear why Plaintiff needed to sign a second affidavit to correct errors in another affidavit that had been signed on the same day and was not yet filed; merely re-drafting and signing a single comprehensive and accurate affidavit would have been the

---

[9] Both affidavits were notarized by Plaintiff's counsel, John Troy, who was noticeably absent from the evidentiary hearing. Mr. Troy's handwritten date and signature, as with the rest of the signature page, look identical in both affidavits. At the hearing, Plaintiff testified that at the time he reviewed and signed the affidavits on June 26, 2019, neither of his counsel, John Troy or Aaron Schweitzer, was present. Sept. 24, 2019 Tr. at 28:9-30:4 (replying that after his June 17, 2019 deposition, "I have not met with my attorney, not even once."). Plaintiff further testified that an employee at Mr. Troy's office translated and explained the affidavits to him on June 26, but that the employee was not Mr. Troy himself. *Id*. at 29:1-4 ("THE COURT: But it was or was not John Troy who translated or explained it to you? THE WITNESS: No, it was, rather, an employee from there."). Nor was it Mr. Schweitzer. *Id*. at 29:5-7. Because Plaintiff was unable to identify the employee, it also can be implied that the employee was not Mr. Arthur Kwok, the interpreter at the hearing, either.

logical step. Plaintiff's explanation makes even less sense when one considers that neither of the affidavits purports to correct the other; instead, they deal with two separate topics: one to correct Plaintiff's deposition testimony, the other to support a motion for conditional certification. Because Plaintiff's testimony raises questions of: (1) whether Plaintiff understood the contents of his affidavits and (2) whether Plaintiff willfully committed perjury in the affidavits, the Court declines to credit either of Plaintiff's affidavits as evidence. *See Capitol Records, Inc. v. MP3tunes, LLC*, No. 07-CV-9931 (WHP), 2008 WL 4450259, at *2 (S.D.N.Y. Sept. 29, 2008) (disregarding parts of an affidavit that "are not based upon the affiant's personal knowledge"). Without Plaintiff's affidavits, the sole evidence submitted in support of conditional certification, there is no support for Plaintiff's claim that there are similarly situated employees.

### 2. Plaintiff's Testimony Regarding Similarly Situated Employees

Even if Plaintiff's affidavit in support of conditional certification were assumed to be true for purposes of this motion,[10] the affidavit fails to make the requisite modest showing that there are similarly situated employees. As Plaintiff alleges that he is the only busboy at the restaurant, Plaintiff is unable to make a claim of a common policy based solely on holding the same job position as other potential opt-in plaintiffs. *See Zamora v. L Plus L Prods. LLC*, No. 19-CV-1506 (GBD) (RWL), 2019 WL 5460559, at *4 (S.D.N.Y. Oct. 15, 2019) (noting certification is often denied as to employees with different functions without evidence of similar treatment).

---

[10] Plaintiff admits, however, that there are factual inaccuracies in the conditional certification affidavit. *See* Sept. 24, 2019 Tr. at 35:11-13 ("Q. So, 30-4, based on today's testimony, is not entirely accurate? A. Correct.").

Instead, Plaintiff admits that although he does not know the wages of other employees due to the owner's prohibition against speaking about wages,[11] he knows that—through "chatting and nodding"—none of them were paid overtime compensation. *See* Zhang Decl. (ECF 30-4) ¶¶ 22, 32, 42, 51, 56. The one exception is the manager, for whom Plaintiff does not allege a wage amount or whether they received overtime pay.

Although the Court does not need to make a credibility determination at the conditional certification stage, Plaintiff cannot rely on "unsupported assertions." *See Myers*, 624 F.3d at 555. Here, Plaintiff does not provide details of the conversations or name any of the employees spoken to, but merely copies and pastes the same general allegation that Plaintiff learned through "chatting and nodding" of others' lack of overtime pay. *See* Zhang Decl. (ECF 30-4) ¶¶ 32, 42, 51. This is the type of conclusory evidence that is insufficient to merit conditional certification. *See Zamora*, 2019 WL 5460559, at *4 (denying certification where the plaintiff failed to identify particular conversations); *Gomez v. Kitchenette 123 Inc.*, No. 16-CV-3302 (AJN), 2017 WL 4326071, at *4 (S.D.N.Y. Sept. 5, 2017) ("when a plaintiff submits only one affidavit, without corroboration, the level of detail in that affidavit becomes particularly important"); *Sanchez v. JMP Ventures, LLC*, No. 13-CV-7264 (KBF), 2014 WL 465542, at *2 (S.D.N.Y. Jan. 27, 2014) (denying certification where the plaintiff's knowledge of pay was generally based on "observations" and "conversations" without providing "where or when" the conversations occurred); *Eng-Hatcher v. Sprint Nextel Corp.*, No. 07-CV-7350 (BSJ), 2009 WL

---

[11] Plaintiff seemingly reversed position on this factual allegation by testifying at the hearing that a stir-fry cook told him what the stir-fry cooks and oil fryer cooks were paid. Sept. 24, 2019 Tr. at 21:8-22:2. At the hearing, Plaintiff did not state whether those cooks' wages included overtime compensation. Plaintiff also does not identify the stir-fry cook or provide details of the conversation other than to state that the conversation happened after work "one day," which renders the allegation as unsupported as the others. *See id*. at 21:14-15.

7311383, at *3 (S.D.N.Y. Nov. 13, 2009) (denying certification upon finding that the plaintiff's conclusory claims of conversations were "anecdotal hearsay").

III. **Conclusion**

For the foregoing reasons, Plaintiff's motion for conditional certification is DENIED. The Clerk of Court is directed to close ECF 29.

**SO ORDERED.**

|  |  |
|---|---|
| Dated: December 10, 2019<br>New York, New York | _s/ Ona T. Wang_<br>**Ona T. Wang**<br>United States Magistrate Judge |