**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
:
YU ZHANG,
:
:
                 Plaintiff,                             18-CV-12332 (AJN) (OTW)
:
    -against-                                  **ORDER**
:
SABRINA USA INC d/b/a YUMI SUSHI, et al.,
:
                 Defendants.
:
:
-----------------------------------------------------------x

      **ONA T. WANG, United States Magistrate Judge:**

      The Court is in receipt of Plaintiff's letter dated April 13, 2020, (ECF 52), responding to the Court's April 6, 2020 order, ECF 51. On April 6, the Court: (1) denied without prejudice Plaintiff's motion to reopen discovery for the limited purpose of deposing Defendants, and (2) ordered Plaintiff to explain his efforts to depose Defendants in the period between June 17, 2019 and April 2, 2020, the date of Plaintiffs' request. Because Plaintiff asserted that his counsel was "scheduled for" trials in January and February 2020 that made depositions impossible during that time, counsel was also directed to identify the particular trials, if any, actually attended by Plaintiff's counsel that prevented depositions from proceeding in January and February 2020. (ECF 51 at 2). Having reviewed Plaintiff's responses, and for the reasons below, the Court **DENIES** Plaintiff's request to reopen discovery.

      As an initial matter, Plaintiff's counsel failed to make any diligent efforts to secure Defendants' depositions over a period of more than eight months. The discovery end date of March 24, 2020 was set in May 2019. Plaintiff initially noticed the Defendants' depositions for July 11, 2019, but those depositions were apparently "cancelled" because Defendants' counsel

was unavailable.[1] (ECF 52 at 1). What Plaintiff should have done (but did not do) was to reschedule the depositions for any day in the next eight months. Plaintiff suggests that he did not pursue Defendants' depositions "during the pending motion for conditional collective certification due to anticipated potential opt-in Plaintiffs and to save the parties resources and time by conducting the deposition at once [sic] after the close of opt-in period." This explanation strains credibility since Plaintiff had initially noticed Defendants' depositions to occur one day before the motion for conditional collective class certification was filed. The motion was denied on December 10, 2019, and there was no request for a stay of discovery during the pendency of the motion. Tellingly, at no point between December 10, 2019 to March 24, 2020 did Plaintiff try to schedule Defendants' depositions or request a discovery extension.

If "Plaintiffs [sic] anticipated to move forward with the depositions but could not move forward, due to Trials scheduled in various matters during the month of December, 2019 to February of 2020,"[2] Plaintiff should have either noticed the depositions for a time on or before March 24, 2020[3] or timely requested an extension from the Court. Moreover, Plaintiff's submission indicates that while his counsel had two trials scheduled for January, they had both been adjourned within the first 10 days of January, and the trial scheduled for early February settled in late January as well. (ECF 52 at 2). Counsel further suggests that even when not on trial, he was too busy even to reach out to Defendants about scheduling depositions. (*Id*. ("In

---

[1] Counsel does not indicate when the July 11, 2019 deposition date was canceled, but it was likely done in June 2019, because "Defense counsel was prescheduled to travel out of the United States from June 27, 2019 to July 12, 2019." ECF 52 at 1. Counsel does not explain why they did not reschedule Defendants' deposition at the time it was canceled.

[2] These trials, except for one, were adjourned or settled before trial. (ECF 52 at 2).

[3] The Court recognizes that any deposition noticed for late-February or March 2020 likely would not have taken place due to the COVID-19 pandemic, but the pandemic is simply not an excuse for failing to diligently pursue discovery in seven months prior.

between the dates, that I am not on trial, I was required to cover all the prescheduled court conferences and court ordered depositions that could not be adjourned to any other date or times.")). Again, a busy docket of other cases is simply not an excuse for failing to diligently pursue discovery or timely request an extension.

Lastly, Plaintiff's April 2, 2020 letter, signed by John Troy (ECF 50), and April 13, 2020 letter, signed by Aaron Schweitzer (ECF 52) conflict regarding trial responsibilities. This is not the first time that Plaintiff's attorneys have made conflicting representations to the Court. Mr. Troy stated that he "the undersigned was also scheduled for back to back trials." (ECF 50 at 1). Mr. Schweitzer stated that he is "primarily responsible for all hearings, depositions and is also the lead trial counsel for all the matters at Troy Law, PLLC . . . . I had also been scheduled to appear for Trials." (ECF 52 at 2). It is unclear if both Mr. Troy and Mr. Schweitzer planned to attend the same trials or different ones. If different, it begs the question why one could not cover for the other as both made an appearance in this action.[4]

---

[4] The Court notes that Troy Law PLLC's website lists two other attorneys at the firm that could also share responsibilities with Mr. Troy and Mr. Schweitzer. *See* Troy Law PLLC Team, https://troypllc.com/en/team/ (last visited Apr. 15, 2020).

Discovery closed on March 24, 2020. No timely request for an extension was made, and no good cause has been shown to extend discovery beyond the ten months initially allotted, where Plaintiff's counsel failed to seek or schedule depositions for the last eight months. *See, e.g.*, *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003) (A "Court's scheduling order shall not be modified except upon a showing of good cause" and a "finding of good cause depends on the diligence of the moving party.").

**SO ORDERED.**

|  | *s/ Ona T. Wang* |
|---|---|
| Dated: April 15, 2020 | **Ona T. Wang** |
| New York, New York | United States Magistrate Judge |