UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
YU ZHANG,                                                                      Case No.: 18-cv-12332

                                 Plaintiff,          **MEMORANDUM OF LAW**

       vs.

SABRINA USA INC., QIN LAN INC.,
and AI LAN CHEN,

                                Defendants,
------------------------------------------------------------------------ x


# MEMORANDUM OF LAW IN SUPPORT OF
# THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND
# FOR A SANCTION AGAINST PLAINTIFF AND HIS COUNSEL
# UNDER RULE 26(G)

Bingchen Li, Esq. (BL4750)
Law Office of Z. Tan PLLC
39-07 Prince Street, Suite 3B
Flushing, New York 11354
Phone: (718) 886-6676
Fax:    (718) 679-9122
Email: eric.li@ncny-law.com
*Attorney for Defendants*

## **TABLE OF CONTENTS**

**TABLE OF AUTHORITY**................................................................................**3**
**PRELIMINARY STATEMENTS** ...................................................................**4**
**PROCEDURAL HISTORY** ............................................................................**4**
**STATEMENT OF FACTS**..............................................................................**6**
**STANDARD OF REVIEW** ...........................................................................**12**
**ARGUMENTS**................................................................................................**14**
**CONCLUSION** ..............................................................................................**14**

# TABLE OF AUTHORITIES

**Case Law**

Young v. United Parcel Serv., Inc., 575 U.S. 206 (2015) .......................................... 12, 13

Balderman v. U.S. Veterans Admin., 870 F.2d 57 (2d Cir. 1989). ……………….............13

Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986) …………………………………13

Improvement Co. v. Munson, 81 U.S. 442 (1871).…………………………………......13

Kuebel v. Black & Decker Inc., 643 F.3d 352 (2d Cir 2011).................................... 13, 14

Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680 (1946) ………………………….13, 14

Chao v. Gotham Registry, Inc., 514 F.3d 280 (2d Cir. 2008)..................................... 13, 14

Grochowski v. Phoenix Constr. Corp., 318 F.3d 80 (2d Cir. 2003) …………………….14

Capital Records, Inc. v. MP3tunes, LLC, 2008 WL 4450259 (SDNY Sept 29, 2008)… 14

**Statutes**

Fed. R. Civ. P. Rule 56 ............................................................................................... 12

Fed. R. Civ. P. Rule 26(g) …………………………………………………..........5, 15

**PRELIMINARY STATEMENTS**

The defendants, Sabrina USA INC., Qin Lan Inc., and Ai Lan Chen (collectively "Defendants"), by Bingchen Li, Esq., their attorney of record, respectfully submit this Memorandum of Law in support of Defendants' Motion for Summary Judgment to dismiss all claims against Defendants, pursuant to Rule 56 of the Federal Rules of Civil Procedure.

We will demonstrate below that Defendants' Summary Judgment Motion is warranted because Plaintiff has failed to demonstrate with sufficient evidence that he indeed worked for Defendants. There does not exist any material dispute of facts which would allow a reasonable jury to find Defendants liable under either FLSA or NYLL. Therefore, Defendants are not liable as an employer.

**PROCEDURAL DISTORY**

Plaintiff commenced this action by way of Summon and Complaint (*See Exhibit A: Complaint, ECF 1, (Compl.)*) on December 31, 2018. Defendants waivered the service of Summons and sent a Rule 11 letter on the basis that Plaintiff had never worked for and/or at the defendant restaurant, urging the plaintiff to discontinue this frivolous action (*See Exhibit B: Rule 11 Letter (Rule 11 Letter)*). Having not received any response to the Rule 11 letter, Defendants filed an Answer and Affirmative Defenses on or about March 10, 2019. Defendants responded by filing an Answer and Affirmative Defenses on September 10, 2019, denying Plaintiff ever having worked for Defendants. On June 17, 2019, Plaintiff was deposed (*See Exhibit C, Zhang Deposition Transcript, (Zhang Dep. Tr.)*). Shortly thereafter, Plaintiff, through his counsel, submitted a plaintiff's affidavit (*See Exhibit D: Zhang Affidavit, ECF 23-2, (Zhang Aff. 1)*), attempting to address

4

numerous material factual inconsistencies uncovered during deposition concerning his alleged employment at Defendants' restaurant. Moreover, Plaintiff and his counsel doubled down by moving for 216(b) Conditional Collective Class, supported by a second Plaintiff's affidavit (*See Exhibit E: Zhang Affidavit, ECF 30-4, (Zhang Aff. 2)*). Defendants filed an opposition to said motion, supported by affidavit or declarations from three non-party witnesses that Plaintiff had never worked at Defendants' restaurant (*See Exhibit F, Zheng Affidavit, ECF 35 (Zheng Aff.), Exhibit G, Wong Declaration, ECF 38 (Wong Decl.), and Exhibit H, Yap Declaration, ECF 39 (Yap Decl.)*). After said motion is fully briefed, an evidentiary hearing was held before the Magistrate Judge Ona T. Wang on September 24, 2019 (*See Exhibit I: Evidentiary Hearing Transcript, (Hearing Tr.)*). Obviously unimpressed with numerous factual inconsistencies by Plaintiff's five self-contradictory sworn statements, i.e., Compl, Zhang Dep. Tr., Zhang Aff. 1, Zhang Aff. 2, and Hearing Tr., the Magistrate Judge Ona T. Wong denied Plaintiff's 216(b) motion in its entirety, raising concerns of reliability of Plaintiff's sworn statement and "whether Plaintiff submitted his affidavits in bad faith" (*See Exhibit J: Magistrate Judge's Opinion and Order, (Motion Order)*)

      In light of the Magistrate Judge Ona T. Wang's finding and Plaintiff's failure to provide any factual support to the alleged claim that he worked for and at Defendants (Plaintiff has never deposed Defendants or any non-party witnesses), We will demonstrate below that a summary judgement for Defendants is warranted. Moreover, we implore this Court considering Fed.R.Civ.P. 26(g) sanction against Plaintiff and his counsel for Defendants' reasonable expenses, including attorney's fees.

## STATEMENT OF FACTS

In the instant action, Plaintiff has made numerous statements, including sworn statements, concerning Defendants and their labor and payroll practices on different occasions. However, these statements are self-contradictory and consist numerous material inconsistencies as follows:

|  | Complaint | Deposition | Aff. ECF 23-2 | Aff. ECF 30-4 | Hearing |
|---|---|---|---|---|---|
| Date | 12/29/2018 | 6/17/2019 | 6/26/2019 | 6/26/2019 | 9/24/2019 |
| Restaurant Name | Yumi Sushi | Yumi | Not Mentioned | Yumi Sushi | Yumi Sabrina |
| Cuisine | Sushi | Hibachi (No Sushi) | Not Mentioned | Sushi/Hibachi | Hibachi |
| Address | 802 Pelham | Not sure until checking with his phone | 802 Pelham | 802 Pelham | 802 Pelham |
| Employment Date | 05/25/2016 - 06/25/2016 | End of May to End of June | 05/25/2016 - 06/25/2016 | 05/25/2016 - 06/25/2016 | 05/25 or 26 – 06/25 or 26 of 2016 |
| Employees | 20 | 10 - 13 People | 13 | 12 | 12-15 |
| Kitchen | 8 | 4 -5 People | 6 | 6 |  |
| Sushi Chef | 3 | 0 | 0 | 0 |  |
| Hibachi Chef | 2 | 2, both of whom speak Chinese | 3, one of whom speaks Spanish | 3, one of whom speaks Spanish |  |
| Misc. | 3 | 1 | 0 | 2 |  |
| Wait Staff | 5 | 2-3(All Females) | 3 | 2 |  |
| Receptionist | 1 | 0 | 0 | 0 |  |
| Packer | 1 | 0 | 0 | 0 |  |
| Delivery | 1 | Not Sure | Not Mentioned | Not Mentioned |  |
| Dishwasher | 0 | 1 | 2 | 0 |  |
| Changing Room | Not Mentioned | Yes (later retracted) | No | Not Mentioned | Bathroom |

6

| Work Schedule/ Business Hours | 11:00-22:00 for four days 11:00-23:00 for two days | 12:00-22:00 (Mon. - Thurs) 12:00-23:00 (Fri. & Sat.) 13:00-22:00 Sun. | 11:00-22:00 (Mon. Wed. and Thurs) 11:00-23:00 (Fri. & Sat.) 13:00-22:00 Sun. | 11:00-22:00 (Mon. Wed. and Thurs) 11:00-23:00 (Fri. & Sat.) 13:00-22:00 Sun. | |
|---|---|---|---|---|---|
| Shuttle Pickup Time | Not Mentioned | 11:30 | 11:30 | 10:15 or 12:15 | 10:20 |
| Shuttle Arrival Time | Not Mentioned | 11:50-11:55 | Between 11:40-12:00 | 10:55 or 12:55 | Before 11am |
| Passenger of the Shuttle | Not Mentioned | 9-10, including the Manager | 8 or 9 employees, including the manager | All employees other than Manager and one Hibachi Chef | Boss Lady sometimes, when the van is not full |
| Driver | Not Mentioned | Two Males (Not linked to Kitchen Head) | Two Males (Not linked to Kitchen Head) | Kitchen Head | Kitchen Head |

In summation, 1) the plaintiff was not entirely sure about the restaurant name, still referring it as Yumi Sushi (See Zhang Aff. ¶ 32) despite acknowledging that the defendant restaurant did not serve sushi.; 2) the plaintiff was not entirely sure about this employment period; 3) the plaintiff was not entirely sure about the number of employees in the defendant restaurant and their main job responsibilities; 4) the plaintiff was not entirely sure about the layout of the restaurant; 5) the plaintiff was not entirely sure about the restaurant business hours; 6) the plaintiff was not entirely sure when he typically arrived at work; and 7) the plaintiff was not entire sure about the driver and passenger of the shuttle bus.

Moreover, the plaintiff claims he does not remember many of the material information:

1. The plaintiff did not remember the exact employment date (See Zhang Dep. Tr. 10:3-11:12), but only ten (10) days later he miraculously recalled it (See Zhang Aff. 1 ¶ 4 and Zhang Aff. 2 ¶ 4 and).

2. The plaintiff does not remember the look of the uniforms (See Zhang Dep. Tr. 13:25-14:4), but only ten (10) days later he miraculously recalled it (See Zhang Aff. 1 ¶¶ 24 and 54).

3. The plaintiff does not remember the logo on the uniforms (See Zhang Dep. Tr. 15:20-25 and 17:9-17).

4. The plaintiff does not remember the layout of the changing room (See Zhang Dep. Tr. 19:19-21) and the location of the changing room (See Zhang Dep. Tr. pg. 22:22-25 and 23:17-20). Obviously, the plaintiff later found out there has never been a changing room (See ECF #23: The Plaintiff's letter to Court dated June 27, 2019). Then it would make sense for the plaintiff to always leave his uniform in the changing room overnight (See Zhang Dep. Tr. 18:21-19:21).

5. The plaintiff does not remember any of the wait staff he worked with at the defendant restaurant (See Zhang Dep. Tr. 27:22-28:3), but only ten (10) days later he miraculously recalled it (See Zhang Aff. 2 ¶¶ 47-49).

6. The plaintiff does not remember the boss's name (See Zhang Dep. Tr. 28:13-16 and 28:20-23).

7. The plaintiff does not remember the manager's name (See Zhang Dep. Tr. 29:6-14).

8. The plaintiff does not remember the number of dining table/seat in the defendant restaurant (See Zhang Dep. Tr. 30:13-22).

9. The plaintiff does not remember the pickup and drop-off location of the shuttle bus (See Zhang Dep. Tr. 32:19-25 and 34:19-21), but at the evidentiary hearing later he miraculously recalled it with the exact address (See Hearing Tr. 17:12-14).

10. The plaintiff did not remember the name of either driver of the shuttle bus or how each of them looks like (See Zhang Dep. Tr. 33:8-18). The plaintiff also does not remember the name of the "big guy" in the kitchen and did not link him to the driver (See Zhang Dep. Tr. 42:2-21). However, ten (10) days later he miraculously identified one of the drivers to be the kitchen head (See Zhang Aff. 2 ¶ 20) and gave a relatively detailed description (See Zhang Aff. 2 ¶ 39).

11. The plaintiff does not remember exactly when he was picked up (See Zhang Dep. Tr. 33:22-34:4).

12. The plaintiff did not remember whether any of the waitress was wearing glasses (See Zhang Dep. Tr. 33:19-21), but ten (10) days later he miraculously managed to give a full description of two of the waitresses he allegedly having worked with, one of which was wearing glasses (See Zhang Aff. 2 ¶¶ 48-49).

13. The plaintiff does not remember any co-worker's name (See Zhang Dep. Tr. 35:10-16 and 42:22-43:2).

14. The plaintiff does not remember whether all the wait staff were taking bus with him (See Zhang Dep. Tr. 36:8-16).

15. The plaintiff does not remember whether one should push or pull to open the front entrance door (See Zhang Dep. Tr. 45:6-11) and obviously he does not remember whether there is a one-panel or a two-panel door at the front entrance (See Zhang Dep. Tr. 44:18-45:2 and ECF #23: The Plaintiff's letter to Court dated June 27, 2019).

16. The plaintiff does not remember the interior color of the shuttle bus, the color and the fabric of the seats, despite admitting having rode it for a month (See Zhang Dep. Tr. 45:18-46:5).

17. The plaintiff does not remember whether the restaurant does the delivery (See Zhang Dep. Tr. 49:3-5), despite having alleged that the restaurant has one delivery person (See Compl. ¶ 27).

There are too many material inconsistencies to list all of them here. It appears that the plaintiff either has trouble remembering material matters concerning his alleged employment or is simply telling lies.

The truth is that, with his counsel's assistance, the plaintiff was telling lies all along. The defendant restaurant's name has always been "Yumi Asian Bistro & Hibachi Steak House" (See Exhibit K – Restaurant Website Printout and Zheng Aff. ¶ 4). There has never been a full-time busboy working in the restaurant (See Zheng Aff. ¶ 6, Wong Decl. ¶ 7, and Yep Decl. ¶ 6). The second driver of the shuttle bus has always been

10

the principal Ai Lan Chen (See Zheng Aff. ¶ 7, Wong Decl. ¶ 10, and Yep Decl. ¶ 8), whom the plaintiff recognizes (See Zhang Dep. Tr. 12:3-4 and 28:13-16). However, the plaintiff somehow insisted that both drivers were males and he does not remember the second driver (See Zhang Dep. Tr. 33:6-15). The manager Alex Wong always takes the shuttle because he did not own a car (See Zheng Aff. ¶ 8, Wong Decl. ¶ 9, and Yep Decl. ¶ 9), contrary to the plaintiff's statement that sometime the manager sometimes drover himself (See Zhang Dep. Tr. 35:20-23). The plaintiff must have visited the defendant restaurant website (See Exhibit K – Restaurant Website Printout), where it displays the business hours exactly as the plaintiff stated in his deposition (See Zhang Dep. Tr. 49:10-14). In 2016, the restaurant opened every day at 11:30am (other than Sunday when it opened at 12:30pm) (See Zheng Aff. ¶ 9). In 2016, the pickup location for the shuttle bus is QQ Café & Bakery at 42-57 Main Street, Flushing, New York 11355 (See Zheng Aff. ¶ 10, Wong Decl. ¶ 11, and Yep Decl. ¶ 10), which is only 0.3 miles away (on a google map) from the plaintiff's residence at 133-36 41st Road, Flushing, New York (See Zhang Dep. Tr. 34:5-18). It is incredible for the plaintiff, an adult male, to cover 0.3 miles in 10 minutes. The truth is that the plaintiff has never worked at or for the defendant restaurant (See Zheng Aff. ¶ 5, Wong Decl. ¶¶ 5-6, and Yep Decl. ¶ 5). That's why he has not been able to give a consistent account of his alleged employment.

**Plaintiff is a Vexatious Litigant**

The plaintiff and his counsel filed the instant action together with four similar actions, three of which were filed on the same day in SDNY, i.e., <u>Zhang v. Aria Asian Corp.</u> (7:18-cv-12330-VB) filed on December 29, 2018 in SDNY, <u>Zhang v. Hito Restaurant, Inc.</u> (1:18-cv-12331-KPF) filed on December 29, 2018 in SDNY, <u>Zhang v.</u>

11

WM Restaurant Corp. (1:18-cv-12333-SDA) filed on December 29, 2018 in SDNY, and Zhang v. Create Glory, Inc. et al (1:18-cv-07446-MKB-CLP) filed on December 31 in EDNY, with similar facts. In each of the aforementioned action, the plaintiff alleges having worked for a very short period of time as follows:

|   |   | Alleged Employment Period | Job Responsibility |
|---|---|---|---|
| 1. | Instant Action: | May 25, 2016 – June 25, 2016 | Busboy |
| 2. | Create Glory, Inc. | Dec. 20, 2016 – Jan. 20, 2017 | Fry Wok/Dishwasher |
| 3. | WM Restaurant Corp. | Aug. 20, 2017 – Sept. 30, 2017 | Delivery |
| 4. | Aria Asian Corp. | Oct. 21, 2017 – Jan. 4, 2018 | Delivery |
| 5. | Hito Restaurant, Inc. | Jan. 21, 2018 – April 25, 2018 | Delivery |

Apparently, the plaintiff and his counsel are attempting to prey on small restaurants. Defendants have been overwhelmed in defending this frivolous lawsuit. It would be an ultimate injustice for this Court to allow the plaintiff, a vexatious litigant, who has been lying to his teeth to further drag Defendants through the mud.

## STANDARD OF REVIEW

"The court should grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Fed. R. Civ. P. 56(a)*. "A party asserting that a fact cannot be disputed must support the assertion by… (B) showing that the materials cited do not establish the presence of a genuine dispute." *Fed. R. Civ. P. 56(c)*. Court must construe the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in the non-moving party's favor. *Young v. United Parcel Serv., Inc., 575 U.S. 206, 216*

*(2015)*. Whether any disputed issue of material fact exists is for the Court to determine. *Balderman v. U.S. Veterans Admin., 870 F.2d 57, 60 (2d Cir. 1989)*.

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)*. There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for jury to return a verdict for that party; if the evidence is merely colorable or is not significant probative, summary judgment may be granted. *Id., at 249-250*. If defendant in a run-of-the-mill civil case moves for summary judgment or for directed verdict based on the lack of proof of a material fact, the judge must ask himself, not whether he thinks the evidence unmistakably favors one side or the other, but whether a fair minded jury could return a verdict for the plaintiff on the evidence presented. The mere existent of a scintilla of evidence in support of the plaintiff's position will be insufficient, unavoidably asks whether reasonable jurors could find by a preponderance of evidence that the plaintiff is titled to a verdict. *Id., at 252* (quoting *Improvement Co. v. Munson, 81 U.S. 442, 448 (1871)*). Plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment, even where the evidence is likely to be within the possession of the defendant, as long as plaintiff has had a full opportunity to conduct discovery. *Anderson, 477 U.S. at 257*.

"To establish liability under the FLSA on a claim for unpaid overtime, a plaintiff must prove that he performed work for which he was not properly compensated…" *Kuebel v. Black & Decker Inc., 643 F.3d 352, 361 (2d Cir 2011)* (citing *Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 686-87 (1946)*; *Chao v. Gotham*

13

*Registry, Inc., 514 F.3d 280, 287 (2d Cir. 2008)*; *Grochowski v. Phoenix Constr. Corp., 318 F.3d 80, 87 (2d Cir. 2003)*). In order to survive summary judgment, "the applicable standard requires that [plaintiff] must 'produce sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.'" *Kuebel, 643 F.3d at 361* (citing *Anderson, 328 U.S. at 687*).

## ARGUMENTS

In the instant action, Plaintiff fails to provide any evidence let along sufficient evidence, other than self-serving and contradictory affidavits, to support his baseless and frivolous allegations that he ever worked at or for Defendants. Plaintiff's testimonies have ben ever-shifting and he himself blames it on faulty memory. In addition, the only two affidavits (Zhang Aff. 1 and Zhang Aff. 2) were deemed to have raised a question of bad faith or even perjury. As a result, the Magistrate Judge Ona T. Wang refused to credit either as Plaintiff's evidence, citing *Capital Records, Inc. v. MP3tunes, LLC, 2008 WL 4450259, at *2 (S.D.N.Y. Sept 29, 2008)* (See Motion Order, pg. 10). On the other hand, Defendants have argued vigorously since the inception of the action that Plaintiff has never worked at or for Defendants. Defendants' testimonies are consistent and have been corroborated by three non-party witnesses under oath. Defendant Ai Lan Chen testified truthfully before the Magistrate Judge Ona T. Wang. Therefore, the lack of any affirmative and admissible evidence to support Plaintiff's baseless and frivolous allegation that Plaintiff worked for or at Defendants warrants a summary judgment to dismiss all claims against Defendants.

## **CONCLUSION**

Accordingly, Plaintiff has failed to provide sufficient evidence to support his allegation that he worked at and for Defendants. As a result, a summary judgment to dismiss all claims against Defendants is warranted. Moreover, Fed.R.Civ.P. 26(g) sanction is warranted against Plaintiff and his counsel for Defendants' reasonable expenses, including attorney's fees.

**WHEREFORE**, Defendants respectfully request that this Court to

(1) Grant the defendants' Motion for Summary Judgment to dismiss all claims against all defendants;

(2) Sanction Plaintiff and his counsel under Fed.R.Civ.P. 26(g) and grant Defendants reasonable expenses, including attorney's fees; and

(3) Grant whatever other and further relief this Court deems just, proper and equitable.

Dated: Nassau, New York
May 30, 2020

Law Office of Z. Tan PLLC

By: /s/Bingchen Li
Bingchen Li, Esq. (BL4750)
39-07 Prince Street, Suite 3B
Flushing, New York 11354
Phone: (718) 886-6676
Fax:    (718) 679-9122
Email: eric.li@ncny-law.com
*Attorney for Defendants*