UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
YU ZHANG,                                        Case No.: 18-cv-12332

                Plaintiff,          **REPLY AFFIRMATION IN SUPPORT OF SUMMARY JUDGMENT MOTION TO DISMISS**

                v.

SABRINA USA INC., QIN LAN INC.,
and AI LAN CHEN,

                Defendants,
------------------------------------------------------------------------ x

Bingchen Li, an attorney duly admitted to practice in the Southern District of New York, hereby affirms under penalties of perjury that:

1. I am a member of Law Office of Z. Tan PLLC, attorneys for the defendants SABRINA USA INC., QIN LAN INC., and AI LAN CHEN, in this action.

2. I am fully familiar with the facts and circumstances contained herein.

3. I submit this affirmation in reply to Plaintiff's opposition and in support of Defendants' Summary Judgment Motion to dismiss all claims against Defendants and for such relief this Court deems just and proper.

4. In the opposition, Plaintiff provides little to overcome the lack of proof of all of his material allegations.

5. Plaintiff attempts to muddle the water by arguing the existence of material factual disputes. However, Magistrate Judge Ona Wang has already discredited the only two affidavits that Plaintiff seemingly relies upon.

6. Plaintiff's purported evidence only consists self-serving yet contradictory testimonies. They are barely colorable. In any event, the mere existence of a scintilla of evidence will be insufficient. Accordingly, this court should make the inquiry whether a

1

fair-minded jury could return a verdict for the plaintiff on the evidence presented in this run-of-the-mill civil case. *See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-252 (1986).*

7. As to Defendants' motion for Rule 26(g) sanction, it is apparently that Plaintiff has been lying all along, probably with his counsel's assistance. Instead of dismissing the action voluntarily, Plaintiff's counsel doubled down by again arguing in his opposition that Defendants may or might have served sushi in the restaurant, despite Plaintiff himself unequivocally stated in both his deposition and his evidentiary hearing that the restaurant does not serve sushi.

8. In *Jianjun Chen v. 2425 Broadway Chao Rest. LLC, 2019 WL 2250336 (S.D.N.Y. May 24, 2019)*, the same Troy PLLC was sanctioned for providing post-deposition response containing "patent and objectively unreasonable inaccuracies."

9. Defendants have spent tremendous amount of resources to defend this frivolous action, brought forward and kept alive by Plaintiff's greediness and his counsel's over-zealousness. Therefore, we strongly urge this Court sanction Plaintiff and his counsel to deter any future occurrence.

Dated: Nassau, New York
June 28, 2020

                                          Law Office of Z. Tan PLLC

                                          By: /s/ Bingchen Li
                                                Bingchen Li (BL4750)
                                                39-07 Prince Street, Suite 3B
                                                Flushing, New York 11354
                                                Phone: (718) 886-6676
                                                Fax:    (888) 306-8666
                                                Email: eric.li@ncny-law.com
                                                *Attorney for Defendants*