UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/30/21

Yu Zhang,

            Plaintiff,

–v–

Sabrina USA Inc. et al.,

            Defendants.

18-cv-12332 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

Plaintiff Yu Zhang brings this action against Defendants Sabrina USA Inc., Qin Lan Inc., and Ai Lan Chen for violations of the FLSA and New York Labor Law, alleging, *inter alia*, unpaid wages and overtime compensation. Defendants now move for summary judgment and sanctions. For the following reason, the motion for summary judgment is DENIED, and the motion for sanctions is DENIED without prejudice.

**I.     Background**

Defendants Sabrina USA Inc. and Qin Lan Inc. operate the restaurant in question: Yumi Asian Bistro & Hibachi Steak House ("Yumi Asian Bistro"), which is located at 802 Pelham Parkway, Pelham, NY 10803. *See* Dkt. No. 60 ("56.1 Statement") ¶ 1; Dkt. No. 62, Ex. A ("Pl.'s 56.1 Counterstatement") ¶ 1. As the Defendants' 56.1 Statement and the Plaintiff's 56.1 Counter-Statement make clear, there are very few other undisputed facts in this litigation. *See* 56.1 Statement; Pl.'s 56.1 Counterstatement.

Plaintiff Yu Zhang filed this lawsuit on December 31, 2018. *See* Dkt. No. 1 ("Compl."). He alleges that he worked as a busboy at Defendants' restaurant for one month—from May 25,

1

2016 to June 25, 2016. *See* Compl. ¶¶ 26, 30. And he alleges that during that time, he worked for eleven hours a day for four days a week and twelve hours a day for two days of the week—a total of 68 hours per week. *Id.* ¶ 32. He also alleges that he never received tips or overtime compensation, and that instead he was paid a flat daily wage of $25. *Id.* ¶¶ 31, 34–35. He further alleges that he never received wage statements in his native language, and he alleges that he was never told that tips were being credited toward his wages. *Id.* ¶¶ 36–37.

Defendants dispute these allegations. Indeed, they dispute that Zhang ever worked at Yumi Asian Bistro and whether he ever worked for Ai Lan Chen, as a busboy or in any capacity. *See* Pl.'s 56.1 Counterstatement ¶¶ 3–4.

On June 22, 2019, Defendants filed a letter with the Court requesting a conference and a stay of discovery, in light of what they claimed were significant discrepancies and false statements in Plaintiff's deposition. *See* Dkt. No. 21. In response, Plaintiff submitted an affidavit, dated June 26, 2019, in which he sought to correct certain statements he made at his deposition. *See* Dkt. No. 23, Ex. B. The Court denied Defendants' motion on the basis that it was not in a position to resolve the parties' factual dispute at that stage. Dkt. No. 25.

On July 12, 2019, Plaintiff moved for conditional certification as a collective action under the FLSA. *See* Dkt. No. 29. In support of that motion, Plaintiff submitted a different affidavit, also dated June 26, 2019, in which he repeated the factual allegations in the Complaint and made certain references to his alleged co-workers, which, according to him, were victims of the same wage violations. *See* Dkt. No. 30, Ex. D.

Defendants opposed Plaintiff's motion, and in support of their opposition for conditional class certification submitted an affidavit from Rong Zheng, who worked at Yumi Asian Bistro and who alleged he had never seen Plaintiff before, despite having worked at the restaurant since

it opened. *See* Dkt. No. 35 ¶¶ 2–5. In that affidavit, Zheng contradicted several allegations advanced by Plaintiff's affidavit. *Id.* ¶¶ 10–14. Defendants also submitted numerous other affidavits, declarations, or affirmations that similarly sought to highlight the alleged inconsistencies in Plaintiff's testimony. *See* Dkt. Nos. 34, 35, 38, 39. On September 24, 2019, Magistrate Judge Ona T. Wang held an evidentiary hearing, *see* Min. Entry; Dkt. No. 46. On December 10, 2019, Judge Wang denied Plaintiff's motion for conditional class certification. Dkt. No. 48. In doing so, Judge Wang explained that she declined to credit Plaintiff's affidavit submitted in support of the conditional certification motion, on the basis that its allegations contradicted prior assertions made by the Plaintiff; on at least one occasion, Judge Wang noted that Plaintiff admitted at the hearing that there were factual inaccuracies in the affidavit. *See id.* at 11 & 11 n.10. She also noted that even assuming *arguendo* that the facts set forth in Plaintiff's most recent affidavit were true, conditional class certification would still be improper because the affidavit—the sole piece of evidence submitted in support of Plaintiff's motion for conditional class certification—failed to make the requisite "modest showing" that there were similarly situated employees. *Id*.

On May 31, 2020, Defendants filed the present motion for summary judgment and motion for sanctions. *See* Dkt. No. 57. The motion is fully briefed. Dkt. No. 62, 63.

**II.     Legal Standard**

Summary judgment is appropriate when, after reviewing the parties' submissions in the light most favorable to the non-moving party, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law," and is genuinely in dispute if "the evidence is such that a reasonable jury could return a verdict for the nonmoving

3

party." *Roe v. City of Waterbury,* 542 F.3d 31, 35 (2d Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)). In ruling on a motion for summary judgment, "all ambiguities must be resolved and all inferences drawn in favor of the party against whom summary judgment is sought." *Gallo v. Prudential Residential Servs. Ltd.,* 22 F.3d 1219, 1223 (2d Cir. 1994). If the court determines that "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial" and summary judgment should be granted to the moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks and citation omitted).

In resolving a motion for summary judgment, the court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 122 (2d Cir. 2004) (internal quotation marks omitted). To survive a summary judgment motion, the non-moving party "must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011). In doing so, the non-moving party "'must do more than simply show that there is some metaphysical doubt as to the material facts' and 'may not rely on conclusory allegations or unsubstantiated speculation.'" *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *FDIC v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010)).

### III.   Discussion

#### A.  Motion for summary judgment

Rule 56.1 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York "requires a party moving for summary judgment to submit 'a

separate, short and concise statement' setting forth material facts as to which there is no genuine issue to be tried." *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 72 (2d Cir. 2001). It also provides that a party opposing summary judgment "must respond with a statement of facts as to which a triable issue remains." *Id.* The Defendants' 56.1 Statement focuses on the crux of their argument as to why the case should be dismissed—namely and fundamentally that, according to them, Plaintiff never worked for Yumi Asian Bistro or for Ai Len Chen. *See* 56.1 Statement ¶¶ 3–4. Plaintiff, on the other hand, insists that he did work for the restaurant between May and June 2016. Pl.'s 56.1 Counterstatement ¶¶ 3–4.

Defendants premise their motion for summary judgment on the argument that Plaintiff has provided no evidence, other than his own affidavits and testimony (which they contend should not be credited), to support his allegations that he worked at Yumi Asian Bistro or for Ai Len Chen. *See* Dkt. No. 58 ("Def. Br.") at 14. Plaintiff insists that there is a genuine issue of material fact as to whether he ever worked for the Defendants during the relevant time period. *See* Dkt. No. 62 ("Pl. Opp. Br.") at 5–6. Although it is close, the Court agrees with Plaintiff that, at this juncture, a genuine issue of material fact exists on this point.

In support of their motion for summary judgment, Defendants rely on numerous inconsistencies in various filings, including the Complaint, the Plaintiff's deposition testimony, the two affidavits filed by Plaintiff, and Plaintiff's testimony at the evidentiary hearing that Judge Wang held. *See* Def. Br. at 6–11. Among the inconsistencies they identify are varying testimony about the number of employees who work at Yumi Asian Bistro, information regarding the shuttle that would pick up and transport employees to the restaurant, and Plaintiff's work schedule and the restaurant's business hours. *See id.*

Defendants also note that Judge Wang declined to credit the affidavits as evidence in resolving the class certification motion on the basis of those inconsistencies. *Id.* In denying the motion for conditional class certification, Judge Wang based this determination on her doubts regarding whether Plaintiff understood the contents of his affidavits and whether he willfully committed perjury in the affidavits. Dkt. No. 48 at 11. She did this in the context of assessing whether there was a "modest factual showing" that Plaintiff and others "together were victims of a common policy or plan that violated the law," as she had to do when weighing the merits of the conditional certification motion. *See id.* at 5. She also based her denial on the basis that the affidavits failed to make "the requisite modest showing that there are similarly situated employees." *Id.* at 11–12.

Despite the serious doubts that have been cast, the question of credibility is one for the jury to decide. *See Domenech v. Parts Auth., Inc.*, 653 F. App'x 26, 28 (2d Cir. 2016). The Court's role at the summary judgment stage is not to step into the factfinding role and to determine how best to resolve conflicting interpretations about material facts. Rather, "[a]ssessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary judgment." *Rule v. Brine, Inc.*, 85 F.3d 1002, 1011 (2d Cir. 1996); *see also Hayes v. N.Y. City Dep't of Corr.*, 84 F.3d 614, 619 (2d Cir. 1996) ("In applying [the summary judgment] standard, the court should not weigh evidence or assess the credibility of witnesses."); *United States v. Rem,* 38 F.3d 634, 644 (2d Cir. 1994) (same). In support of their arguments, Defendants point to evidence in the record—namely in the form of sworn affidavits from three non-party witnesses whose testimony contradicts Plaintiff's version of events and who assert, in their affidavit, that Plaintiff never worked at Yumi Asian Bistro. *See* Def. Br. at 5. It is axiomatic, however, that a court adjudicating a summary judgment motion

6

"must disregard all evidence favorable to the moving party that the jury is not required to believe" and "give credence to the evidence favoring the nonmovant." *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 151 (2000).

If presented with the contradictions in Plaintiff's testimony over the course of this litigation, the jury may well decide not to credit Plaintiff's version of events. At this juncture, however, the Court must draw all reasonable inferences in Plaintiff's favor, and the Court's inquiry is necessarily focused on whether there is a genuine issue of material fact. There is no question that whether Plaintiff ever worked at Yumi Asian Bistro is a material fact—indeed, Plaintiff's entire case turns on establishing that fact. And there is also no question that the parties vigorously disagree about that fact. *See* Pl.'s 56.1 Counterstatement ¶¶ 3–4. Although there is much to suggest that the Plaintiff's self-serving and contradicted testimony is unreliable, the existence of that testimony in the record is enough to render summary judgment improper, and the Court accordingly denies Defendants' motion.

### B. Motion for Sanctions

Defendants' motion for sanctions is intertwined with their motion for summary judgment. They argue, in effect, that sanctions against Plaintiff's counsel are appropriate on the basis that "Plaintiff has been lying all along, probably with his counsel's assistance." Dkt. No. 63 ("Reply Aff.") ¶ 7. And they point to a number of arguments that Plaintiff's counsel has continued to advance, despite the fact that Plaintiff, in his deposition and in his testimony at the evidentiary hearing, either expressly contradicted or otherwise rescinded. *Id.* ¶ 7. They further note that Plaintiff's counsel has previously been sanctioned for providing a post-deposition response that contained "patent and objectively unreasonable inaccuracies." *Id.* ¶ 8 (citing *Jianjun Chen v. 2425 Broadway Chao Rest. LLC*, 2019 WL 2250336 (S.D.N.Y. May 24, 2019)).

The Court denies without prejudice the motion for sanctions on the basis that the motion is premature. It does so because it is not permitted at this stage to weigh the credibility of the testimony or whether the representations to the Court have been willfully misleading. In doing so, however, the Court advises Plaintiff and his counsel that if, over the remaining course of the litigation, the Court determines that Plaintiff or his counsel have intentionally advanced misrepresentations, there will be serious consequences. If that were to be the case, the Court would not hesitate to impose significant sanctions. For Plaintiff's counsel, that may include an order that they pay Defendants' attorneys' fees and costs, referral to the Southern District of New York's Grievance Committee, and any other sanctions that the Court deems appropriate.

### IV.   Conclusion

For the reasons stated above, Defendants' motion for summary judgment is DENIED and the motion for sanctions is DENIED without prejudice. This resolves Dkt. No. 57.

A conference is hereby scheduled for **May 6, 2021 at 2:00 p.m**. By April 29, 2021, the parties are ORDERED to meet and confer and submit a joint letter proposing approximate trial dates and a schedule for the submission of the pre-trial materials identified in Rule 6 of the Court's Individual Practices in Civil Cases.

SO ORDERED.

Dated: March 30, 2021
       New York, New York

_____
ALISON J. NATHAN
United States District Judge

8